UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | CASE NO. 4:13CR316 |
| | ) | |
| Plaintiff-Respondent, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Vir'Dez A. Evans,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant-Petitioner. | ) | |

This matter is before the Court upon petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 23). In his motion, Petitioner relies on *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), to argue that he was unconstitutionally sentenced under the residual clause of U.S.S.G. § 2K2.1(a)(2), which requires that a defendant have two qualifying "crimes of violence." In *Johnson*, the United States Supreme Court struck down the residual clause of the Armed Career Criminal Act's definition of a "violent felony" as void for vagueness. More recently, however, the Supreme Court held in *Beckles v. United States*, – U.S. –, – S. Ct. –, 2017 WL 855781 (U.S. Mar. 6, 2017), that the United States Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. Thus, *Johnson*'s vagueness holding does not apply to the Sentencing Guideline provision under which Petitioner

was sentenced. Petitioner's motion is therefore DENIED.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.


      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/17/17